UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**BESTWAY INFLATABLES & MATERIAL CORP.**,

    Plaintiff,

v

**JOHN/JANE DOE 1-10**,

    Defendants.

Case No. 20-cv-12002
Hon. Matthew F. Leitman

## ORDER (1) GRANTING PRELIMINARY INJUNCTION, (2) PROHIBITING DISPOSITION OF ASSETS, AND (3) ORDERING IMMEDIATE DISCOVERY

THIS MATTER comes before the Court on August 10, 2020 upon the Motion (ECF No. 2) of Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. ("Bestway"). The Court having read Plaintiff's Motion, Supplement (ECF No. 9) and Verified Complaint (ECF No. 1), and being fully advised in the premises:

**THE COURT FINDS THAT**:

    A.    On July 28, 2020, the Court entered an "Order (1) Granting Temporary Restraining Order, (2) Scheduling Preliminary Injunction Hearing, (3) Prohibiting Disposition of Assets, (4) Ordering Immediate Discovery." (ECF No. 6, "TRO"). Among other things, the TRO prohibited the continued operation of websites that infringed on one or more of Bestway's trademarks.

B. Defendants were properly served with the TRO and a copy of the Notice of Motion Hearing by Video Conference (ECF No. 7), which set the hearing on this Preliminary Injunction. No response was filed by Defendants, and no appearance was made by Defendants.

C. Bestway has demonstrated that it is likely to succeed on the merits of the claims alleged in the Verified Complaint.

D. Before the TRO, Defendants operated at least 10 websites that used one or more of Bestway's registered trademarks in a manner that, among other things, infringed on those marks.

E. Bestway's reputation and goodwill were being irreparably damaged as a result of Defendants' conduct.

F. Bestway will risk serious and irreparable harm if the injunction is not continued in accordance with this order.

G. Good cause exists to issue this order.

H. The balance of hardships favors Bestway, and issuing preliminary injunctive relief is in the public's best interests.

I. Continuing injunctive relief will preserve the status quo.

J. The Court exercises its discretion and declines to require Bestway to post a bond given the strength of Bestway's initial showing and apparent balance of the equities.

K.     Freezing the PayPal accounts associated with the infringing websites is necessary to ensure a higher degree of likelihood that Bestway will be able to obtain an accurate accounting of Defendants' profits.

L.     Good cause exists to continue to permit Bestway to engage in immediate discovery in order to try to discern the identity or identities of Defendants and the scope of Defendants' conduct.

**THEREFORE, IT IS ORDERED THAT**:

1.     Defendants and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of them are prohibited from:

   a) Using the "Bestway" name, using Bestway's marks, including BESTWAY, COOLERZ, STEEL PRO, STEEL PRO MAX, H2OGO!, H2O GO, HYDRO FORCE, RAPID RIDER, FAST SET, or imitating Bestway's marks, in connection with the offering for sale or advertising of any products;

   b) Engaging in any action to pass off Defendants' products or product offerings as Bestway products;

   c) Engaging in further actions to interfere with Bestway's rights in its marks or in damaging Bestway's goodwill or reputation;

3

d) Continuing to operate the following websites, and any similar sites containing content that infringes on Bestway's marks:

  i. www.hiramshop.space

  ii. https://lennonshop.space

  iii. www.boradshop.space

  iv. www.containshop.space

  v. www.kyleshop.space

  vi. www.ffshop.space

  vii. www.fnshop.space

  viii. www.annalsj.xyz

  ix. www.discovstore.buzz

  x. www.fyshop.space

2. Defendants and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of them are prohibited from removing any funds from the PayPal accounts associated with the e-mail addresses nkioko5607@gmail.com, seashop.space@outlook.com, or any other account used by the websites listed above including the accounts described as follows:

| **Merchant** | **Appears on Statement As:** |
|---|---|
| 阳曲县浩薇兴商贸有限公司 ("Yangqu County Haoweixing Trading Company") | PayPal*YANGQUXIANH |

| | |
|---|---|
| 常州市旭腾塑业科技有限公司 ("Changzhou Xuteng Plastic Technology Co., Ltd.") | |
| 北京永军昌盛商贸有限公司 ("Beijing Yongjun Prosperity Trading Company") | PayPal*YONGJUNCHAN |

3. Plaintiff is granted leave to engage in immediate discovery including issuing subpoenas to third parties.

4. Service of this Order shall be accomplished by Plaintiff sending a copy of the Order to nkioko5607@gmail.com, seashop.space@outlook.com, and via First Class Mail to 14021 Lago Azul, Horizon City, TX 79928 and 267 Batterson Dr., New Britain, CT 06053. Plaintiff shall file a proof of service thereafter.

5. This preliminary injunction will remain in effect through the pendency of this action, or until further order of this Court.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

5

4815-6190-5095 v1 [81610-1078]