UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**BESTWAY INFLATABLES &
MATERIAL CORP.**,

    Plaintiff

v

**JOHN/JANE DOE 1-10**,

    Defendants.

Case No. 20-cv-12002
Hon. Matthew F. Leitman

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION, DEFAULT JUDGMENT, AND ORDER RELEASING FUNDS

THIS MATTER comes before the Court upon BESTWAY INFLATABLES & MATERIAL CORP.'s ("Bestway") Motion for Permanent Injunction, Default Judgment, and Order Releasing Funds, the Court having read Plaintiff's Motion and Brief, and being fully advised in the premises:

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW**:

A.    On July 28, 2020, Bestway filed a Verified Complaint against John/Jane Doe 1-10 alleging violations under the Lanham Act and various state laws. ECF No. 1. On July 28, 2020, the Court entered a Temporary Restraining Order (ECF No. 6, "TRO"). A Preliminary Injunction was entered on August 10, 2020 (ECF No. 12). Among other things, the Preliminary Injunction prohibited the continued operation of 10 websites that infringed on one or more of Bestway's trademarks.

B.	Before the TRO and Preliminary Injunction, Defendants operated at least 10 websites that infringed upon 12 of Bestway's registered trademarks in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125.  The identification of the 12 registered trademarks that were infringed upon are identified at ECF No. 1, PageID. 4-8.

C.	Defendants were properly served with the Summons, Complaint, TRO, Preliminary Injunction, and all other pleadings, motions, and papers applicable to this lawsuit.

D.	Defendants failed to appear, answer, or otherwise respond to the Verified Complaint or any of Bestway's motions.

E.	A Clerk's Entry of Default was properly entered on November 16, 2020 (ECF No. 19).  Accordingly, all of Bestway's well-pleaded allegations are deemed admitted.

F.	Even if the allegations in the Complaint were not admitted, the Court finds that there exists a high degree of likelihood of confusion between Bestway's marks and Defendants' counterfeit marks.  Defendants used duplicates of 12 of Bestway's marks in order to run one or more of their sites, which purported to sell the very same products as Bestway.  Bestway also demonstrated evidence of actual customer confusion.

G.	Good cause exists to issue injunctive relief. Bestway's reputation and goodwill were being irreparably damaged as a result of Defendants' conduct, Bestway risks serious and irreparable harm in the absence of a permanent injunction, and an injunction is necessary to prevent further irreparable injury and damage to Bestway's reputation, goodwill, and intellectual property. The balance of hardships favors Bestway, and issuing

injunctive relief is in the public's best interests. Injunctive relief is authorized by 15 U.S.C. § 1116 to prevent the violation of any right of the registrant of a registered trademark or to prevent violations of § 1125(a). The Court finds injunctive relief necessary in this case.

      H.      Bestway has elected to seek statutory damages as provided by 15 U.S.C. § 1117(c). Statutory damages for the willful use of a counterfeit mark range from $1,000 - $2,000,000 per counterfeit mark, per type of good offered for sale. The Court finds that Defendants' infringement upon each of the 12 Bestway marks at issue constituted willful counterfeiting. Defendants used Bestway's marks to trick unwitting consumers into falsely believing they were entering into legitimate transactions to purchase Bestway products. Further, because Plaintiff received an entry of default, the willful violations alleged in Plaintiff's Verified Complaint are deemed admitted. In assessing statutory damages, the Court has considered a variety of factors including (1) the expenses saved and profits reaped, (2) revenues lost by plaintiff, (3) value of the copyright, (4) deterrent effect on others besides the defendant, (5) whether the defendant's conduct was innocent or willful, (6) whether defendant cooperated in providing records from which to assess the value of the infringing material, and (7) the potential for discouraging the defendant. After assessing those factors, the Court agrees with Bestway that:

      i.      Defendants' conduct seems to have been an attempt to take advantage of the COVID-19 pandemic by offering above-ground pools and other aquatic devices that were in short supply.

      ii.      Defendants' counterfeit use of Bestway's marks was not innocent, but rather flagrant and pervasive.

      iii.      Defendants do not appear to have given anything of value to the customers in exchange for the consumers' payments.

      iv.    The amount of the award will deter others from infringing upon Bestway's trademarks.

      v.    Defendants provided absolutely no cooperation to Bestway in providing records that would enable Bestway to calculate Defendants' profits.

      vi.    The award will discourage Defendants from continuing their wrongful and illegal conduct.

I.    The Court exercises its discretion to release funds previously held by PayPal in accordance with this Order.

J.    Bestway desires to dismiss Counts III & IV of its Verified Complaint without prejudice to its right to re-assert those claims in the future.

**THEREFORE, IT IS ORDERED THAT**:

1.    Bestway's Motion for Permanent Injunction, Default Judgment, and Order Releasing Funds is Granted for the reasons set forth in Bestway's Motion, the evidence set forth in the Court's record, and the reasons set forth above.

2.    Defendants and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of them are prohibited from:

    a) Using the "Bestway" name, using Bestway's marks, including BESTWAY, COOLERZ, STEEL PRO, STEEL PRO MAX, H2OGO!, H2O GO, HYDRO FORCE, RAPID RIDER, FAST SET, or imitating Bestway's marks, in connection with the offering for sale or advertising of any products;

    b) Engaging in any action to pass off Defendants' products or product offerings as Bestway products;

4

    c) Engaging in further actions to interfere with Bestway's rights in its marks or in damaging Bestway's goodwill or reputation;

    d) Operating the following websites, or any similar websites containing content that infringes on Bestway's marks:

        i. www.hiramshop.space
        ii. https://lennonshop.space
        iii. www.boradshop.space
        iv. www.containshop.space
        v. www.kyleshop.space
        vi. www.ffshop.space
        vii. www.fnshop.space
        viii. www.annalsj.xyz
        ix. www.discovstore.buzz
        x. www.fyshop.space

3. As to Counts I & II, a Default Judgment is entered in favor of Bestway and against each of the Defendants in the amount of $6,000,000.

4. 30 days following entry of this Order, PayPal is ordered to release any and all funds in the accounts for the following Customer IDs to Plaintiff's Counsel to be used to satisfy a portion of the Default Judgment (Plaintiff's Counsel may identify the complete Customer ID while delivering this Order to PayPal):

        i. XXX8200
        ii. XXX9901
        iii. XXX7011
        iv. XXX7456
        v. XXX3890
        vi. XXX5989
        vii. XXX1971
        viii. XXX7769
        ix. XXX6377

5. Counts III and IV of the Verified Complaint are dismissed without prejudice.

6. Service of this Order shall be carried out by Plaintiff's Counsel in accordance with the Court's Order Granting Plaintiff's Motion for Alternative Service (ECF No. 15).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

4815-6190-5095 v1 [81610-1078]